**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ELISEO PELICO VICENTE,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9544
(Petition for Review)
(INS No. A73 737 696)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of a final order of the Board of Immigration Appeals (BIA) denying petitioner's request for asylum and withholding of deportation.[1] The BIA found that petitioner did not qualify as a refugee, and therefore, was ineligible for asylum, because he had not established the requisite "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A).

We review the BIA's determinations of law de novo, and we review its factual findings about an alien's refugee status under the substantial evidence rule. See Refahiyat v. United States Dep't of Justice INS, 29 F.3d 553, 556 (10th Cir. 1994). We must uphold the BIA's determination that petitioner was not eligible for asylum if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105(a)(4). We may

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases. However, because petitioner's deportation proceedings commenced before April 1, 1997, and the final decision of the BIA issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case. See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252. In contrast, provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, may apply to INS cases commenced, like this one, before AEDPA's enactment on April 24, 1996, see Fernandez v. INS, 113 F.3d 1151 (10th Cir. 1997), though none of these appear pertinent to this petition for review, which does not involve deportation for criminal activity addressed by AEDPA.

reverse the BIA's determination only if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 484 (1992).

Petitioner, a Quiche Indian, is a citizen and native of Guatemala. He entered the United States without inspection in December 1993, after leaving Guatemala and living in Mexico for four months. Petitioner conceded deportability at his deportation hearing, but claimed that he had a well-founded fear of being persecuted by guerillas on account of his political opinion if he returned to Guatemala. Petitioner testified that the guerillas frequently came to his village, rounded up all the young men, and tried to recruit them. Petitioner said that twice he was taken by the guerillas and beaten, but he managed to escape. While in hiding after his second escape, petitioner learned that the guerillas had gone to his parents' home looking for him. Fearing what the guerillas would do to him if they found him, petitioner fled the country.

The BIA found that, even if petitioner's testimony were entirely credible, the evidence did not establish persecution on account of petitioner's political opinion; the guerillas were not concerned with petitioner's political opinion, but with recruiting able-bodied young men to help their cause, see id. at 482 (noting that the persecution must be "on account of the victim's political opinion, not the

persecutor's").  Our review of the record does not compel a contrary determination.

Petitioner argues that his resistance to recruitment constituted political opinion, because when he told the guerillas he did not want to join them, they beat him.  Petitioner's testimony, however, did not establish that there was any expression of political opinion on his behalf.  Instead, it showed that he resisted recruitment because he did not want to be involved in killing people or other violent acts and because of his home and family.  Moreover, even if petitioner held a political opinion, the evidence did not compel a conclusion that the guerillas persecuted petitioner because of that political opinion, rather than because he refused to fight with them.  See id. at 483.

We, therefore, conclude that substantial evidence supports the BIA's determination that petitioner did not establish a well-founded fear of persecution.  This determination is fatal to petitioner's claim for withholding of deportation, as well.  See Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir. 1994).      The petition for review is DENIED.

Entered for the Court

James E. Barrett
Senior Circuit Judge